IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WESLEY KEITH HOLMES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:07-CV-241-WKW |
| | ) [WO] |
| | ) |
| SHERIFF JAY JONES, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Wesley Keith Holmes ["Holmes"], a convicted prisoner incarcerated in the Lee County Detention Center, complains that the defendants are violating his constitutional rights by failing to transfer him to the state prison system. He further challenges the conditions of confinement to which he is subjected at the Lee County Detention Center. Holmes names Jay Jones, the sheriff of Lee County, Alabama, Major Torbert and Lt. Welch, officers at the Lee County Detention Center, and Corinne Hurst, the Circuit Clerk of Lee County, as defendants in this cause of action.

Upon review of the complaint, the court concludes that Holmes' challenge to his confinement in county custody is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss any claim presented in a prisoner's civil action prior to service of process if it determines

## DISCUSSION

### A. Challenge to County Confinement

Holmes contends that his constitutional rights are being violated by his confinement in a county detention center. Specifically, Holmes complains that despite imposition of his sentence on October 31, 2006 he has not yet been transferred to the state prison system. *Plaintiff's Complaint at 3*. Holmes maintains that he can only be held in county custody for 30 days after imposition of his sentence. *Id*. at 3-4. This claim is without merit.

A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id.*; *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). The plaintiff's confinement in the Lee County Detention Center, although it may entail "more burdensome conditions [than that of a state prison], [is] 'within the normal limits or range of custody which the conviction has authorized the State to impose.' [Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin v. Conner,* 515 U.S. 472, 478 (1995).

In light of the foregoing, it is clear that the failure to transfer Holmes to the custody of the Alabama Department of Corrections does not rise to the level of a constitutional

---

that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action. Consequently, this claim is subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Corinne Hurst

A thorough review of the complaint reveals that the only claim applicable to defendant Hurst relates to the county's failure to have Holmes transferred to the state prison system as it is clear that this defendant is in no way involved with the daily operation of the Lee County Detention Center.  The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the action taken by a defendant and the alleged constitutional deprivation.  *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988).  The law of this Circuit directs "'that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.' *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)." *Swint*, 51 F.3d at 999.  Thus, the requisite causal connection fails to exist in this case between any action of defendant Hurst and Holmes' claims challenging the conditions at the Lee County Detention Center.

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claim challenging his confinement in a county facility be

dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  Corinne Hurst be dismissed as a defendant in this cause of action.

3.  The plaintiff's claims against defendants Jones, Torbert and Welch challenging the conditions of confinement at the Lee County Detention Center be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before April 2, 2007 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

    Done this 20th day of March, 2007.


                                            /s/ Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE