IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WESLEY KEITH HOLMES, JR.,    )
     )
     Plaintiff,      )
     )
v.      )   Civil Action No. 3:07-cv-00241-WKW
     )
SHERIFF JAY JONES, et al.,      )
     )
     Defendants.      )

## DEFENDANTS' SPECIAL REPORT

COME NOW Sheriff Jay Jones, Major Cary Torbert, Jr., and Lt. Corey Welch, Defendants in the above-styled cause, and submit their Special Report to the Court.

## INTRODUCTION

Wesley Keith Holmes was most recently booked into the Lee County Detention Center on February 1, 2006 on charges of first degree rape and theft of property. (Exhibit A, Inmate File of Wesley Keith Holmes.) During his incarceration at the Lee County Detention Center, Plaintiff plead guilty to first degree sexual abuse and first degree theft of property and received a sentence of 120 months. (Ex. A.) Plaintiff was released from the Lee County Detention Center into Department of Corrections custody on March 28, 2007. (Ex. A.) The Plaintiff was both a pretrial detainee and a convicted inmate during his incarceration at the Lee County Detention Center. (Exhibit B, Affidavit of Cary Torbert, Jr.[1], "Torbert Aff." ¶ 5.)

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that from "Oct. 31 until present" he found roaches in his food on two different occasions, that black mold is on the cell walls, that he was forced to sleep on the floor for two months because of overcrowding, that a speaker does not work and a toilet leaked water

---

[1]Cary Torbert, Jr. serves as Chief Deputy of Corrections of the Lee County Detention Center and has obtained the rank of Major. He has worked with the Lee County Sheriff's Office for over 32 years. (Torbert Aff. ¶ 2.)

"inches from where [he] was sleeping." Plaintiff requests $1,500.00 a day for each day he was incarcerated in the Lee County Detention Center after he was sentenced. Plaintiff also requests that the Lee County Detention Center be "shut down." (Plaintiff's Compl. p. 2-4.)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact. Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled. (Exhibit C, Affidavit of Sheriff Jay Jones[2], "Jones Aff.," ¶ 7; Ex. B, Torbert Aff. ¶ 4; Exhibit D, Affidavit of Lt. Corey Welch[3], "Welch Aff.," ¶ 4.) Defendants raise the defenses of Eleventh Amendment immunity, qualified immunity, Plaintiff's failure to comply with the Prison Litigation Reform Act, and additional defenses presented below. Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

## I.    FACTS

Sheriff Jay Jones has delegated the responsibility for the day-to-day functions of the Lee County Detention Center to Major Cary Torbert, Jr., the Chief Deputy of Corrections of the Lee County Detention Center. As Sheriff of Lee County, Sheriff Jones is responsible for promulgating the policies governing the Lee County Detention Center. (Jones Aff. ¶¶ 4, 6.) Sheriff Jones has no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint. (Jones Aff. ¶ 5.)

### A.    CONDITIONS OF CONFINEMENT CLAIMS

It is the policy of the Lee County Detention Center that inmates are served three meals each day at regularly scheduled times. Strict sanitary practices are followed in the Detention

---

[2] Jay Jones is the duly elected Sheriff of Lee County, Alabama, and has served in such capacity since 1999. (Jones Aff. ¶ 2.)
[3] Lt. Welch is employed by the Lee County Sheriff's Office and assigned to serve as a corrections officer at the Lee County Detention Center. He has worked as a correctional officer for over ten years, having obtained the rank of Lieutenant in November 2004. He is a graduate of the Police Academy and the Alabama Jail Management School. Lt. Roberson and Lt. Welch are the highest ranking jail officials under Major Torbert and Sheriff Jones. (Welch Aff. ¶ 2).

Center kitchen.  At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast.  All meals are served at the appropriate temperature as soon as possible after they are prepared.  Hot meals are served using heated carts so that the food is hot when served to each inmate.  The individuals who pass out the food are required to wear gloves. (Jones Aff. ¶ 12; Torbert Aff. ¶ 11' Welch Aff. ¶ 10.)

In the event that the number of inmates exceeds the number of beds in the Lee County Detention Center, the inmates will be provided with either a portable bed or a mattress, a blanket, and bed linens.  Inmates are never required to sleep on the floor without a mattress.  All inmates at the Lee County Detention Center are assigned a mattress, bed linens, and a blanket.  (Jones Aff. ¶ 13; Torbert Aff. ¶ 12; Welch Aff. ¶11.)

It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.  It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.  It is the policy of the Lee County Sheriff's Office to maintain a housekeeping plan at the Lee County Detention Center in order that all areas of the Detention Center are kept clean and sanitary.  Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.  The first and second shift supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.  Each cleaning consists of the following:  Floors are swept and mopped. Toilets are scrubbed with toilet cleanser and disinfectant.  Sinks and showers are scrubbed with scouring cleanser and disinfectant.  Tables and benches are washed.  Bunks and sleeping areas are made clean and orderly.  Trash receptacles are emptied and washed daily.  The shift supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the

first time.  The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Center.  Inmates also have access to cleaning materials at any time during the day so that they may clean their showers.  (Jones Aff. ¶ 14; Torbert Aff. ¶ 13; Welch Aff. ¶ 12.)

It is the policy of the Lee County Sheriff's Office to maintain a high level of pest and vermin control within the Lee County Detention Center in order to ensure a minimum level of pest infestation.  The chief deputy sheriff ensures that all areas of the Lee County Detention Center are sprayed with insecticide at least once each month.  This company will spray more than once a month if necessary.  A licensed pest control service is contracted to provide control for vermin and insects.  Detention Center personnel utilize this service to the maximum extent allowed in order to prevent and control the infestation of pests and vermin.  Shift supervisors ensure that all appropriate areas of the Detention Center are treated with any additional insecticides or powders necessary as directed by the chief deputy.  All shift supervisors, when conducting daily housekeeping inspections, look for possible or potential pest problems.  (Jones Aff. ¶ 15; Torbert Aff. ¶ 14; Welch Aff. ¶ 13.)

It is the policy of the Lee County Sheriff that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair.  Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature.  An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or immediately contact maintenance personnel to fix the toilet.  The Lee County Commission has assigned two persons from the County maintenance department to the jail who are available full time to repair any toilet or speaker which is broken.  Inmates have access to three or four toilets within their cellblock.  There is a toilet in each cell in the cellblock.  There is also a toilet in the dayroom of each cellblock.  In the

4

event that a toilet cannot be repaired before the inmates lock down in their cells at night, any inmate housed in the cell with the broken toilet is to be given the opportunity to use the toilet during any time that he needs to during the night. It would be a direct violation of policy for an inmate to ever be denied access to a working toilet. (Jones Aff. ¶ 16; Torbert Aff. ¶ 15; Welch Aff. ¶ 14.)

A member of the Detention Center staff must inspect the entire Detention Center facility at least once each hour. However, at least one Detention Center staff member is normally in each inmate hall at least every 15 to 20 minutes. Thus, staff are always made aware of a broken speaker or toilet. (Jones Aff. ¶ 17; Torbert Aff. ¶ 16; Welch Aff. ¶ 15.)

Neither Sheriff Jones, Major Torbert or Lt Welch are aware of a broken speaker in any cell in which Plaintiff was incarcerated. Due to inmate vandalism and misuse, toilets will often require maintenance at the Lee County Detention Center. However, this maintenance is taken care of as soon as possible. Should a speaker be broken, it would also be repaired as soon as possible. The Lee County Commission has assigned two persons from the County maintenance department to the jail who are available full time to repair items such as toilets or speakers in a prompt manner. (Jones Aff. ¶ 18; Torbert Aff. ¶ 17; Welch Aff. ¶ 16.)

Plaintiff claims that a toilet has a water leak "inches" from where he was sleeping. It would be a violation of jail policy to assign an inmate to sleep in water leaking from a toilet or to assign an inmate to sleep within "inches" of a leaking toilet. (Jones Aff. ¶ 19; Torbert Aff. ¶ 18; Welch Aff. ¶ 17.)

The Plaintiff did not submit a request concerning any of the allegations in his Complaint. Had Sheriff Jones, Major Torbert or Lt Welch received any such a request, they would have taken the proper steps to remedy any problem the Plaintiff was experiencing. (Jones Aff. ¶ 20; Torbert Aff. ¶ 19; Welch Aff. ¶ 18.)

**B.      GRIEVANCE PROCEDURES.**

Internal grievance procedures at the Lee County Detention Center are available to all inmates.  It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.  It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the sheriff, chief deputy sheriff, or Detention Center personnel.  (Jones Aff. ¶ 8; Torbert Aff. ¶ 6; Welch Aff. ¶ 5; Exhibit E, Affidavit of Ray Roberson[4], "Roberson Aff.," ¶ 5.)

Inmates housed in the Lee County Detention Center are furnished with inmate request forms for the purpose of stating their requests or grievances in writing.  Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate.  The officer receiving the request form is to answer the request if possible.  If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered.  If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed.  If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day. (Jones Aff. ¶ 9; Torbert Aff. ¶ 7; Welch Aff. ¶ 6; Roberson Aff. ¶ 6.)

All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail.  The inmate handbook states that an inmate may report a grievance on an inmate request form.  Grievances are first answered by the appropriate staff at the lowest level in the chain of command.  The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of

---

[4] Lt. Roberson is employed with the Lee County Sheriff's Office and serves as Assistant Jail Administrator at the Lee County Detention Center.  He has worked in the Lee County Detention Center for twenty-three years and has obtained the rank of lieutenant.  Lt. Welch and Lt. Roberson are the highest ranking jail officials under Major Torbert and Sheriff Jones.  (Roberson Aff. ¶ 2.)

command, up to the Sheriff, who will make the final decision.  (Jones Aff. ¶ 10; Torbert Aff. ¶ 8; Welch Aff. ¶ 7; Roberson Aff. ¶ 7.)

Sheriff Jones, Major Torbert, Lt. Welch and Lt. Roberson have never received any request form from the Plaintiff concerning any of the allegations of his Complaint.  Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to Sheriff Jones, Major Torbert, Lt. Welch and Lt. Roberson if he were not satisfied with the response at the lower levels in the chain of command.  The Plaintiff has not appealed any grievance to Sheriff Jones, Major Torbert, Lt. Welch and Lt. Roberson.  Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.  (Jones Aff. ¶ 11; Torbert Aff. ¶ 9; Welch Aff. ¶ 8; Roberson Aff. ¶ 8.)

A copy of all grievances are filed in the inmate's file.  However, Plaintiff's Inmate File contains no grievances regarding the subjects of his Complaint.  Had the Plaintiff made a request concerning any other allegations of his Complaint a copy would have been placed in the Plaintiff's inmate file.  (Torbert Aff. ¶ 10; Welch Aff. ¶ 9.)

## II.    LAW

### A.    All claims by Plaintiff against Defendants in their official capacities must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C. § 1983.

Plaintiff's claims against Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction as such claims are barred by the Eleventh Amendment to the United States Constitution.  Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, Ala., 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th

Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county

sheriffs).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a

person, acting under color of law, from depriving another of his rights secured by the United

States Constitution.  42 U.S.C. § 1983 (emphasis added).  The United States Supreme Court has

held that state officials, in their official capacities, are not "persons" under § 1983.  Will v.

Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Any claims against Defendants in their

official capacities should therefore be dismissed because they are not "persons" under § 1983,

and therefore claims against them in their official capacities fail to state a claim upon which

relief can be granted.  Id.; Carr, 916 F.2d at 1525 n.3 (11th Cir. 1990).

**B.    Plaintiff's failure to comply with the Prison Litigation Reform Act bars the Complaint.**

**1.    Plaintiff has failed to exhaust all Administrative Remedies.**

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all

administrative remedies before instituting an action under 42 U.S.C. § 1983.  42 U.S.C. § 1997e

(a).  The Plaintiff in this case has not utilized two separate and distinct administrative remedies

available to him.  First, the Plaintiff has not exhausted the grievance procedures provided at the

Lee County Detention Center.  Secondly, he has not alleged that he pursued any grievance

through the State Board of Adjustment.  See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir.

1998) (requiring prisoners to affirmatively show that they have exhausted administrative

remedies).  Despite the availability of a grievance procedure at the Lee County Detention Center,

Plaintiff did not file a grievance with Sheriff Jones, Major Torbert, Lt. Welch or Lt. Roberson.

In addition to the grievance procedure at the local level, Alabama law provides the

opportunity to file a claim and proceed before the State of Alabama Board of Adjustment

pursuant to Ala. Code § 41-9-60.  The Sheriff of Lee County is a state officer, as are his alter

egos, and therefore would be entitled to sovereign immunity.  See Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1998).  Due to this immunity, the State of Alabama has provided an administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment.

As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing this action under § 1997e(a).  See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies).[5]

> **2.    Plaintiff's claims are barred by the Prison Litigation Reform Act because he has not suffered any physical injury as a result of the allegations in his Complaint.**

42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act requires that a plaintiff demonstrate that he suffered physical injury before instituting a complaint based upon jail conditions.  The PLRA states the following concerning physical injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.  42 U.S.C. § 1997e(e).

The Eleventh Circuit has determined that the physical injury requirement of § 1997e(e) requires that a plaintiff demonstrate a physical injury that is more than de minimis although the injuries do not have to be significant.  Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir.), vacated,

---

[5] See Terry Shane Williams v. Cecil Reed, et al., United States District Court for the Northern District of Alabama, Middle Division, No. CV-99-BU-2938-M, slip op. at 3-4 (N.D. Ala. August 15, 2000) (adopted by district judge September 21, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Richard Dale Woodham v. Bill Lands, United States District Court for the Northern District of Alabama, Middle Division, No. CV-00-AR-0170-M, slip op. at 4-5 (N.D. Ala. November 7, 2000) (adopted by district judge December 4, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Quinton M. Johnson v. Sgt. Robinson, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-616-E, slip op. at 3-5 (M.D. Ala. January 12, 2001) (adopted by district judge January 31, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); David Wilson Bell, Sr. v. Tina Riley, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-731-E, slip op. at 4-5 (M.D. Ala. February 21, 2001) (adopted by district judge March 20, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); Mitchell Lee Hicks v. Jack Day, et al., Circuit Court of Clarke County, Alabama, No. CV-00-280M, slip op. 1-3 (March 21, 2001) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); But see, Garner v. Weeks, No. 00-14582 (11th Cir. April 10, 2001).

197 F.3d (11th Cir. 1999), reinstated in relevant part, <u>Harris v. Garner</u>, 216 F.3d 970 (11th Cir. 2000) (en banc).  In the present action, Plaintiff does not allege that he has suffered any physical injury as a result of the allegations described in his Complaint.   <u>See</u> Plaintiff's Compl.   As a result, the case is due to be dismissed pursuant to 42 U.S.C § 1997e(e).

> C.    **Alternatively, Defendants are entitled to qualified immunity because nothing in their conduct crossed a "bright line" contour of clearly established constitutional law.**

Defendants were acting within their discretionary authority as Sheriff and Jail officials of Lee County during all times relevant to Plaintiff's Complaint because all their actions were taken in the furtherance of their job duties.   <u>See, e.g.</u> <u>Holloman ex rel. Holloman v. Harland</u>, 370 F.3d 1252 (11th Cir. 2004).   Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).   This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"   <u>Id.</u>   (citing <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991)).   The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that these Defendants had "fair warning" that their conduct violated the plaintiff's constitutional rights?  <u>Willingham v. Loughnan</u>, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of these Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred.  <u>See</u> <u>Rodgers v. Horsley</u>, 39 F.3d 308, 311 (11th Cir. 1994).  A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right."  <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987); <u>Lancaster</u>, 116 F.3d at 1424.  "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme

Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose."
Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations
omitted).

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must
still show that clearly established law provided the Defendants with fair warning that their conduct
was unlawful.  He may do so by either (1) pointing to a case with materially similar facts holding
that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or
federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the
total absence of case law.  Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003)
(citations omitted).  The Eleventh Circuit has identified the latter method as an "obvious clarity"
case.  Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted).  In order to
show that the conduct of the Defendant was unconstitutional with "obvious clarity," "the
unlawfulness must have been apparent."  Willingham, 321 F.3d at 1301.  "Unless a government
agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent
officer or one who was knowingly violating the law would have done such a thing, the government
actor has immunity from suit."  Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

In order to establish a conditions of confinement claim Plaintiff "must prove three
elements:  (1) a condition of confinement that inflicted unnecessary pain or suffering
[constituting cruel and unusual punishment], (2) the defendant[s'] 'deliberate indifference' to
that condition, and (3) causation.  Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392,
2399, 69 L. Ed. 2d 59 (1981) (first element); Wilson v. Seiter, [502] U.S. [294, 303], 111 S. Ct.
2321, 2327, 115 L. Ed. 2d 271 (1991) (second element); Williams v. Bennett, 689 F.2d 1389-90
(11th Cir. 1982) (third element).  Whether a particular condition of confinement constitutes cruel
and unusual punishment is an objective inquiry; whether jail officials were deliberately
indifferent to that condition is a subjective inquiry.  Wilson v. Seiter, 502 U.S. at 290.  In the

11

instant case, the Plaintiff cannot establish either the objective or subjective components of his conditions of confinement claims.

### 1.    Objective Component

With regard to the objective component, the Eleventh Circuit has held that "*extreme deprivations are required to make out a conditions-of-confinement claim*" under the Eighth Amendment.[6] Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004) (emphasis in original). "[A] constitutional violation occurs only where the deprivation alleged is, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[T]he Constitution does not mandate comfortable prisons." Chandler, 379 F.3d at 1289. In the instant case, the Plaintiff cannot present evidence of any *extreme* deprivation that could be objectively considered "cruel and unusual."

Plaintiff complains of two instances of roaches in his food, of being incarcerated in a cell with black mold on the walls, of a broken speaker, of having to sleep on the floor due to overcrowded conditions and of sleeping near a toilet leaking water. (Plaintiff's Compl. p. 2-3.) Plaintiff's claim that there are more inmates than there are beds does not violate his constitutional rights. The evidence is clear that, in the event that the number of inmates exceeds the number of beds in the Lee County Detention Center, the inmates will be provided with either a portable bed or a mattress and blankets. Inmates are never required to sleep on the floor without a mattress. The Defendants have shown that the Plaintiff had access to cleaning materials on a twice daily basis to clean his cell, and that the jails and specifically the shower areas are cleaned daily as well as being cleaned regularly with a steam sanitizer. Further, the Lee County Detention Center officials follow sound policies and procedures to prevent insect infestation. The kitchen follows

---

[6] "Claims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. But it makes no difference whether [the plaintiff] was a pretrial detainee or a convicted prisoner because 'the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving pretrial detainees.'" Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal citations omitted).

strict sanitary rules and the Detention Center is professionally sprayed with insecticide every month.  In addition, the Plaintiff had the opportunity to request that the Detention Center staff use additional insecticide or powders if he thought they were necessary.  However, the Plaintiff never made any request to the Defendants.  Further, the evidence is clear that two maintenance personnel are assigned fulltime to the jail and that all requests to fix broken speaker or toilets are attended to immediately.

These conditions alleged by Plaintiff do not rise to the level of a constitutional violation. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (holding that an inmate's temporarily sleeping on a mattress on a floor or table is not necessarily state a constitutional violation); Datz v. Hutson, 806 F. Supp. 982, 988-89 (N.D. Ga. 1992) (holding that even assuming that the plaintiff had to sleep on a mattress on the floor, such treatment is not cruel or unusual as to form a constitutional violation); Taylor v. Naphcare, Inc., 2006 WL 2038428, *6 (M.D. Ala. 2006) (stating that the plaintiff's "claims that black mold, vermin, and mice were present in the dining hall, dishroom, and dormitories . . . , that mattresses and pillows were worn-out and seldom washed, that insect and vermin waste were found in the food . . . and that the shower facilities were not clean" did not rise to the level of a constitutional violation); Oliver v. Powell, 250 F. Supp. 2d 593, 604 (E.D. Va. 2002) (holding that being "placed in a segregation cell with roaches, leaky toilets, peeling paint, and writing on the wall" did not rise to the level of a constitutional violation); Geder v. Godinez, 875 F. Supp. 1334, 1341 (N.D. Ill. 1995) (holding that the plaintiff's allegations of the "presence of defective pipes, sinks, and toilets, improperly-cleaned showers, a broken intercom system, stained mattresses, accumulated dust and dirt, and infestation by roaches and rats" did not rise to the level of a constitutional violation).  Further, a short duration of the alleged conditions cannot rise to the level of a constitutional violation.  See Dixon v. Toole, 2006 WL 1038433, *5, n. 8 (S.D. Ga. 2006) ("[S]hort periods of incarceration in unsanitary conditions are generally insufficient to evidence an Eighth Amendment violation.").

13

Clearly, the Plaintiff's conditions of confinement are not extreme as would form a constitutional violation. Therefore, even if the Plaintiff's allegations were taken as true without consideration to the Defendants' evidence, his allegations to not rise to the level of a constitutional violation.

## 2.    Subjective Component

Even if the Plaintiff's conditions of confinement were objectively "cruel and unusual," there must still be evidence of subjective deliberant indifference on the part of each Defendant. "To be deliberately indifferent, a [jail] official must knowingly or recklessly disregard an inmate's basic needs." LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993). "[A] plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" Id. (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986). There must be evidence that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The Court equates the level of culpable intent required to the standard employed in the context of *criminal* recklessness prosecutions. Id. at 837-839. No liability can be attributed to "an official's failure to alleviate a significant risk which he should have perceived but did not." Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996). Where jail officials attempt to remedy constitutional short-comings but fail to do so, the official cannot be found to have been "deliberately indifferent" unless the official knew of but disregarded appropriate effective alternatives. LaMarca, 995 F.2d at 1536. Furthermore, the United States Supreme Court has held that a significant injury is required in order to sustain a conditions of confinement claim. Porter v. Nussle, 534 U.S. 516, 528 (U.S. 2002).

Plaintiff cannot show that Defendants have been deliberately indifferent with regard to the conditions of confinement at the Lee County Detention Center. Plaintiff has failed to allege or offer any evidence sufficient to sustain a claim that any actions of the Defendants constituted cruel and unusual punishment. See Geder v. Godinez, 875 F. Supp. 1334, 1341-42 (N.D. Ill. 1995) (granting summary judgment to defendants where the plaintiff failed to show deliberate indifference to "defective pipes, sinks, and toilets, improperly-cleaned showers, a broken intercom system, stained mattresses, accumulated dust and dirt, and infestation by roaches and rats"). In this case, none of the conditions of which Plaintiff complains constitutes an excessive risk to his health or safety. Plaintiff has not shown how he has been injured as a result of any of his allegations. Furthermore, the Plaintiff has not presented sufficient evidence to show that any impairment to his physical or mental condition actually resulted from the aforementioned environment. In the instant case, even if there were an excessive risk to his health or safety, the Plaintiff has not sufficiently alleged that any of the Defendants knew of or disregarded that risk. There are no request slips in the Plaintiff's file regarding his allegations of the conditions of his confinement. The Plaintiff has failed to sufficiently allege how each Defendant was deliberately indifferent to any alleged conditions.

Based on the foregoing, it is clear that the Defendants did not violate Plaintiff's constitutional rights. Further, Plaintiff cannot show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. Therefore, the Defendants are entitled to qualified immunity. Because the Plaintiff cannot meet the objective or subjective tests as set forth in Farmer, *supra*, his conditions of confinement claims are due to be dismissed.

### D.    Plaintiff has failed to allege sufficient personal involvement on each claim.

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the defendants and the constitutional deprivation. Swint v. City of Wadley, 51 F. 3d 988 (11th Cir. 1995). The requisite causal connection may be shown by the

personal participation of the defendant, a policy established by the defendant resulting in indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury. <u>Zatler v. Wainwright</u>, 802 F. 2d 397 (11th Cir. 1986).

The Plaintiff has failed to allege that Defendants were in any way personally involved in any alleged violation of Plaintiff's constitutional rights.   Plaintiff has offered no allegation demonstrating that these named Defendants were in any way involved in the actions he claims were constitutionally infirm.   There are absolutely no facts to show that Defendants personally participated in his claims, nor does the Plaintiff allege specifically how these Defendants violated his constitutional rights.  As such, all Plaintiff's claims are due to be dismissed.

**E.      To the extent that any claims against the Defendants are based on the theory of _respondeat superior_, such claims must fail.**

To the extent that Plaintiff's claims are an attempt to hold the Defendants liable under a _respondeat superior_ theory, his claim must similarly fail.

> [Supervisory] liability under § 1983 must be based on something more than a theory of _respondeat superior_.   Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions and the supervising official and the alleged constitutional violation.  The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged depravation, and he fails to do so.

<u>Dolihite v. Maughon</u>, 74 F.3d 1027, 1052 (11th Cir. 1996).

**F.      This Court lacks subject matter jurisdiction over the Plaintiff's claims for injunctive relief.**

Subject matter jurisdiction is a "threshold issue" which a Plaintiff must establish to the Court's satisfaction before he may prevail on any of his claims.   <u>See generally</u>, <u>Rosado v. Wyman</u>, 397 U.S. 397, 402 (1970); <u>Ellis v. General Motors Acceptance Corp.</u>, 160 F.3d 703, 706 (11th Cir. 1998).   In the instant case, this Court lacks subject matter jurisdiction over the Plaintiff's claims for injunctive relief because he has been released from the Lee County Detention Center.  Subject matter jurisdiction is absent because the Plaintiff's claims are moot

16

and because he lacks standing to pursue his claims.

**1.    Plaintiff's claims for injunctive relief are moot.**

"[A] moot suit 'cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.'" Nat'l Adver. Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005).  Because Plaintiff has been released from the Lee County Jail, his claims for injunctive relief are moot.  Zatler, at 399 ("In view of [the plaintiff's] subsequent release [from the correctional facility where claims arose], we find that his claims for declaratory and injunctive relief are now moot."); see also Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred. Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects."  (citations omitted)); Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (holding that prisoner's claim for injunctive relief was moot and properly dismissed, where prisoner had been transferred from county jail in which unconstitutional conditions allegedly existed); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." (citation omitted)).  Accordingly, the Plaintiff's request for injunctive relief is moot.

**2.    The Plaintiff lacks standing to pursue his claims.**

A plaintiff seeking the jurisdiction of the federal courts must show a personal stake in the outcome.  Baker v. Carr, 369 U.S. 186, 204 (1962).  The plaintiff must have sustained, or is about to sustain, some direct injury.  Golden v. Zwickler, 394 U.S. 103, 109-10 (1969).  Of direct relevance to the present case, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

In <u>City of Los Angeles v. Lyons</u>, the plaintiff alleged that he had been subjected to a chokehold by arresting officers in violation of his federally protected rights.  461 U.S. 95, 97 (1983).  The plaintiff sought an injunction barring the future use of police chokeholds.  <u>Id.</u> 461 U.S. at 98.  After the Ninth Circuit affirmed the district court's grant of a preliminary injunction, the United States Supreme Court reversed, holding that the plaintiff lacked standing.  <u>Id.</u> 461 U.S. at 99-100.  The Court stated that the plaintiff's standing rested solely on pure speculation that he **might** be stopped by the police, **might** be arrested, and **might** again create a disturbance in the jail and **might** be subjected to another chokehold.  <u>Id.</u> 461 U.S. at 108.  The court noted that five months elapsed between the choking incident and the filing of the complaint and the plaintiff was not subjected to another chokehold.  <u>Id.</u>

Here, any injunctive relief is equally speculative.  Because he is no longer incarcerated in the Lee County Detention Center, the Plaintiff's claim is, in essence, that he **might** be released from the facility at which he is currently incarcerated, **might** be stopped by police, **might** be arrested by an officer with authority to incarcerate someone in the Lee County Detention Center, that he **might** be booked into the Lee County Detention Center, that he **might** be subjected to the alleged actions and/or conditions made the basis of his Complaint.  Such speculation into future conduct does not grant the Plaintiff standing.  <u>Lyons</u>, 461 U.S. at 108.

Accordingly, the Plaintiff's request for injunctive relief are due to be dismissed for lack of standing.

G.    **Summary Judgment Standard**

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant.  <u>Greason v. Kemp</u>, 891 F.2d 829, 831 (11th Cir. 1990).  However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit.  <u>See</u>

<u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" <u>Reeves</u>, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[7] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (<u>en banc</u>) quoting <u>Massachusetts School of Law v. American Bar</u>, 142 F.3d 26, 40 (1st Cir. 1998).

### CONCLUSION

Defendants deny each and every allegation made by Plaintiff in the Complaint. Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

### MOTION FOR SUMMARY JUDGMENT

Defendants respectfully request that this Honorable Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

Respectfully submitted this 30th day of May, 2007.

<div style="margin-left:40%">

**s/Ashley Hawkins Freeman**
ASHLEY HAWKINS FREEMAN Bar No. FRE044
Attorney for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: afreeman@webbeley.com

</div>

---

[7] Although <u>Reeves</u> was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" <u>Reeves</u>, 530 U.S. at 150, <u>citing</u> Anderson v. Liberty Lobby, <u>Inc.</u>, 477 U.S. 242, 250-251 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this the **30th** day of **May, 2007**, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

               Wesley Keith Holmes, Jr.
               Lee County Detention Center
               P.O. Box 2407
               Opelika, AL  36803


                  **s/Ashley Hawkins Freeman**
                  OF COUNSEL

# Exhibit A
# Inmate File of Wesley Keith Holmes

INST:    241
CODE: CIADM

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 03/20/2007

.R716-3 .

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RACE: W  SEX: M

IS: 00251408S   INMATE: HOLMES, WESLEY KEITH
DORM:   DO    JAIL CR: 000Y 00M 000

NST: 241 - LEE

DOB: 0     57   SSN:

ADM DT: 10/31/2006 DEAD TIME: 000Y 00M 000

ADM TYP: NEW COMIT FROM CRT W/O REV OF      STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: OTW-5   CURRENT CUST DT: 10/31/2006 PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND         CURRENT CLASS DATE:   10/31/2006

SERVING UNDER ACT446 LAW IN CLASS II
INMATE IS EARNING : EARNS 40 DAYS FOR EACH 30 SERVED         JL-CR   TERM
                                                           0155D 010Y 00M 000
                SENT DT  CASE NO  CRIME
COUNTY          10/31/06 W05011.00 SEXUAL ABUSE I     HABITUAL OFFENDER : N   RESTITUTION : $0000
LEE             ATTORNEY FEES : $000500        FINES : $0000000
                COURT COSTS   : $0000785                                    LONG DAT
                                                                            05/25/20
   TOTAL TERM        MIN REL DT      GOOD TIME BAL      GOOD TIME REV
010Y 00M 000        12/07/2010      000Y 06M 000       000Y 00M 000

INMATE LITERAL: CCH/CC06-11.01 - 12 MO MISD
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DETAINER WARRANTS SUMMARY                          LEE CO 50   CASE #: CC06
                                                   SEQ #: 01
>DET WRT 12/14/2006 TYPE NOTIFICATION ONLY
   LITERAL: 12 405 CC W/ STATE
   OFFENSE: 2030 - THEFT OF PROPERTY III
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ESCAPEE-PAROLE SUMMARY

   INMATE CURRENTLY HAS NO PAROLE RECORDS

   INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

   INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B \*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISCIPLINARY/CITATION SUMMARY

   INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

ACR359

ALABAMA JUDICIAL DATA CENTER
LEE COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

4300-CC-2006-000011.01
HON. JACOB A.

CIRCUIT COURT OF LEE COUNTY          COURT ORI : 057015 J

| STATE OF ALABAMA VS. | | DC NO | : | GJ 2005 000937.00 |
|---|---|---|---|---|
| HOLMES WESLEY KEITH | ALIAS : | GJ | : | 163 |
| 290 LEE RD 876 | ALIAS : | SSN | : | |
| SMITHS AL | | SID | : | |
| | | AIS | : | |

| DOB : ████████ | SEX : | M | HT : | 6 FT - 00 IN | WT : | 135 | HAIR : BRO | EYE : BLU |
|---|---|---|---|---|---|---|---|---|
| RACE : (X) W ( ) B ( ) O | COMPLEXION : | | AGE : | 19 | FEATURES : | | | |

| DATE OFFENSE | 1/1/1900 | ARREST DATE | 9/6/2005 | ARREST ORI | 0430000 |
|---|---|---|---|---|---|

| CHARGES @ CONV | CITES | CT | CL | COURT ACTION | CA DATE |
|---|---|---|---|---|---|
| THEFT OF PROP 1ST | 13A-008-003 | 001 | B | Guilty Plea | 10/31/2006 |

JUDGE : HON. JACOB A.        PROSECUTOR : ABBETT NICK

| PROBATION APPLIED | GRANTED DATE | REARRESTED DATE | REVOKED DATE |
|---|---|---|---|
| ( )Y ( X )N _____ | ( )Y ( X )N _____ | ( )Y ( X )N _____ | ( )Y ( X )N _____ |

15-18-8, CODE OF ALA 1975

          ( )Y ( X )N

| | IMPOSED | SUSPENDED | TOTAL | JAIL CREDIT |
|---|---|---|---|---|
| CONFINEMENT | 00 12 000 | 00 00 000 | 00 12 000 | 00 00 155 |
| PROBATION | 00 00 000 | 00 00 000 | 00 00 000 | 00 00 000 |

DATE SENTENCED : 10/31/2006        SENTENCE BEGINS : 12/14/2006

| PROVISIONS | COST/RESTITUTION | ORDERED | DUE |
|---|---|---|---|
| Jail | COST | $32.00 | $32.00 |
| Concurrent | COST | $601.00 | $601.00 |
| | TOTAL : | $633.00 | $633.00 |

| APPEAL DATE | SUSPENDED | AFFIRMED | REARREST |
|---|---|---|---|
| ( )Y ( X )N _____ | ( )Y ( X )N _____ | ( )Y ( X )N _____ | ( )Y ( X )N _____ |

AOC REMARKS :

         THIS IS TO CERTIFY THAT THE ABOVE
         INFORMATION WAS EXTRACT FROM OFFICIAL
         COURT RECORDS AND IS TRUE AND CORRECT.

DOC REMARKS :

         /S/ CORINNE T. HURST

         CORINNE T. HURST

         12/21/2006

*4/26/07 per Lee she will mail another one to DOC today. DB*

```
ACR359                    ALABAMA JUDICIAL DATA CENTER
                              LEE COUNTY
                        TRANSCRIPT OF RECORD
                        CONVICTION REPORT              CC 2006 000011.00 01
                                                       HON. JACOB A. WALKER III
```

```
--------------------------------------------------------------------
| CIRCUIT COURT OF LEE COUNTY                   COURT ORI: 043015 J   |
|                                                                     |
|                               VS.             DC NO: GJ 2005 000937.00 |
| STATE OF ALABAMA                              G J:  64              |
| HOLMES WESLEY KEITH          ALIAS:           SSN:                  |
| 290 LEE RD 876               ALIAS:           SID: 000000000        |
| SMITHS  AL  00000                             AIS: 000000           |
|--------------------------------------------------------------------|
|                       SEX: M  HT: 6 00   WT: 135  HAIR: BRO   EYE: BLU |
| DOB:                                          AGE:        FEATURES:  |
| RACE: (X)W ( )B ( )O   COMPLEXION:                                  |
|--------------------------------------------------------------------|
| DATE OFFENSE: 09/03/2005  ARREST DATE: 09/06/2005  ARREST ORI: 0430000 |
|                                                            CA DATE   |
| CHARGES @ CONV    CITES        CT CL COURT ACTION        10/31/2006  |
| SEXUAL ABUSE 1ST  13A-006-066  01 C  GUILTY PLEA         00/00/0000  |
|                                00                        00/00/0000  |
|                                00                                    |
|--------------------------------------------------------------------|
| JUDGE: HON. JACOB A. WALKER III      PROSECUTOR: ABBETT NICK        |
|                                                                     |
| PROBATION APPLIED   GRANTED  DATE    REARRESTED DATE  REVOKED  DATE |
| ( )Y( )N            ( )Y( )N         ( )Y( )N         ( )Y( )N      |
| 15-18-8, CODE OF ALA 1975  IMPOSED   SUSPENDED    TOTAL   JAIL CREDIT |
| ( )Y (X)N  CONFINEMENT:  10 00 000  00 00 000  10 00 000  00 00 155 |
|            PROBATION  :  00 00 000             00 00 000             |
| DATE SENTENCED: 10/31/2006     SENTENCE BEGINS: 10/31/2006          |
|--------------------------------------------------------------------|
| PROVISIONS                    COSTS/RESTITUTION        DUE    ORDERED |
|                                                                     |
|   VDOB=08181989               RESTITUTION       $0.00     $0.00     |
|   PENITENTIARY                ATTORNEY FEE     $500.00   $500.00    |
|   CONCURR SENT W/CC 0611.0(   CRIME VICTIMS    $100.00   $100.00    |
|                               COST            $786.00   $786.00    |
|                               FINE              $0.00     $0.00     |
|                               MUNICIPAL FEES    $0.00     $0.00     |
|                               DRUG FEES         $0.00     $0.00     |
|                               ADDTL DEFENDANT   $0.00     $0.00     |
|                               DA FEES           $0.00     $0.00     |
|                               COLLECTION ACCT   $0.00     $0.00     |
|                               JAIL FEES         $0.00     $0.00     |
|                                                                     |
|                               TOTAL          $1386.00  $1386.00    |
|--------------------------------------------------------------------|
| APPEAL DATE       SUSPENDED        AFFIRMED         REARREST        |
|                                                     ( )Y( )N        |
| ( )Y( )N          ( )Y( )N         ( )Y( )N                         |
|--------------------------------------------------------------------|
|                               THIS IS TO CERTIFY THAT THE          |
| REMARKS:                      ABOVE INFORMATION WAS EXTRACTED      |
|                               FROM OFFICIAL COURT RECORDS          |
|                               AND IS TRUE AND CORRECT.             |
| AMENDED TRANSCRIPT AMENDING VICTIM AGE(8/18/89) AND OFFENSE        |
| DATE OF 9/3/05                                                     |
|                                                                     |
|                               CORINNE T. HURST                     |
|                                                                     |
|                               03/20/2007                           |
--------------------------------------------------------------------
```

```
OPERATOR: KAH
PREPARED: 03/20/2007
```



Front

Lee County Detention Center

# INMATE REQUEST SL.P

E-4
_____
LOCATION

Name _Wesley K. Holmes_____     Date _9-10-05_____

☐ Telephone Call     ☐ Doctor     ☐ Dentist     ☐ Time Sheet

☐ Special Visit     ☐ Personal Problem     ☑ Other

Briefly Outline Your Request.  Give To Jailer

_I like to take Eged. classes to help further_

_my education._

_____

_____

_____

_____

_____

_____

Do Not Write Below This Line - For Reply Only

_Placed   in   GED   Class   10/17/05_

_Wiltsie_

_____

_____

Approved _____  Denied _____  Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy          ☐ Sheriff

Date _____     Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

Lee County Detention Center
# INMATE REQUEST SLIP

F-1
**LOCATION**

Name _Wesley Holmes_    Date _1-14-07_

☒ Telephone Call    ☒ Doctor    ☐ Dentist    ☐ Time Sheet

☒ Special Visit    ☒ Personal Problem    ☑ Other

---

Briefly Outline Your Request.  <u>Give To Jailer</u>

SGT. Tabb - I was wanting you to check my
files to make sure my paper work has been
sent to Kilbee, Thanks

---

<u>Do Not Write Below This Line</u> - For Reply Only

YOU HAVE TWO TRANSCRIPTS IN YOUR FILE,
SO D.O.C. SHOULD HAVE COPIES OF
THESE.

Tabb 305
1-19-07

---

Approved _____    Denied _____    Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

Lee County Detention Center

# INMATE REQUEST SLIP

F-2
**LOCATION**

Name _Wesley Holmes_                    Date _1-10-07_

☐ Telephone Call          ☐ Doctor          ☐ Dentist          ☐ Time Sheet

☐ Special Visit          ☐ Personal Problem          ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_I would like to go to the Law Library_

<u>Do Not Write Below This Line</u> - For Reply Only

Approved __✳__          Denied _____          Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy          ☐ Sheriff

Date _02/11/07_    Time Received _20:28_

CORRECTION OFFICER _SGT Throat_

FORM: LCS-038 (6/99)

Lee County Detention Center
# INMATE REQUEST SLIP

F. 1
LOCATION

Name _Wesley Holmes_        Date _Dec 28 2000_

☐ Telephone Call        ☐ Doctor        ☐ Dentist        ☐ Time Sheet

☐ Special Visit        ☐ Personal Problem        ☐ Other

Briefly Outline Your Request.  Give To Jailer

_Could I go to the Law Library_

Do Not Write Below This Line - For Reply Only

_TAKEN TO LIBRAY ON 1/7/2007_
_AT 2000 HRS_

Approved ____✓____        Denied _____        Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy        ☐ Sheriff

Date _1/7/2007_        Time Received _____

CORRECTION OFFICER _AARON 43031_

FORM: LCS-038 (6/99)

Lee County Detention Center
# INMATE REQUEST SLIP

F. 1

LOCATION

Name _Wesley Holmes_    Date _11-20-06_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☑ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

SGT. Tabe - I had a $13.00 dollar money
order sent in the mail that I still have
yet to recieve. I was wondering if you
could look into it for me please.
Thanks,

---

<u>Do Not Write Below This Line</u> - For Reply Only

CHECKED ACCOUNT - HAVE NOT RECEIVED
A - $15⁰⁰ MONEY ORDER FOR YOU.

Jail-6385
11-19-06

---

Approved _____  Denied _____  Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____  Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

```
03/28/2007    00:20:43          LEE COUNTY SHERIFF'S OFFICE              PAGE    1
                                INMATE RELEASE SHEET
==============================================================================
BOOKING NO: 060005031

INMATE NAME: HOLMES WESLEY KEITH
       ALIAS:                                    RACE: W      SEX: M
       ALIAS:                                    HT: 6'00"  HAIR: BRO
     ADDRESS: 290 LEE RD. 876                    WT: 135    EYES: BLU
  CITY/ST/ZIP: SMITHS, AL 36877          COMPLEX:
  HOME PHONE: 334-480-8926                   SSN: 2        3
         DOB:            7  AGE:  19        DL ST:           DLN:
  PLCE BIRTH: COLUMBUS                         SID:
       STATE: GA                             LOCID:  30893
   M. STATUS: SINGLE
    RELIGION: CHRISTIAN
  GANG ASSOC:
SCARS/TATTOOS:
KNOWN ENEMIES:
     REMARKS:
------------------------------- NEXT OF KIN -------------------------------
  NEXT OF KIN: WESLEY HOLMES              RELATIONSHIP: FATHER
      ADDRESS: 290 LEE RD. 876                   PHONE: 334-480-8926
  CITY/ST/ZIP: SMITHS, AL 36877
      REMARKS:
------------------------------- EMPLOYER INFO -------------------------------
     EMPLOYED: N
EMPLOYER NAME:
      ADDRESS:
  CITY/ST/ZIP: ,
        PHONE: 000-000-0000
------------------------------- MEDICAL -------------------------------
   HANDICAPPED: N   NEEDS: N
       GLASSES: N   SMOKE: N
 MEDICAL NEEDS: N   NEEDS:
     PHYSICIAN:                    PHONE: 000-000-0000
       REMARKS:

       REMARKS:
       REMARKS:
------------------------------- PROPERTY -------------------------------
         CASH:      $00.00
  DESCRIPTION: NO CURRENCY
ADD. PROPERTY: STREET CLOTHES AND 1 BELT.
ADD. PROPERTY:
ADD. PROPERTY:
   BIN NUMBER: 73
VEH IMPOUNDED:
  IMPOUND LOT:
      REMARKS:
      REMARKS:
==============================================================================
```

I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE _____  DATE: _____  TIME: _____

BOOK OFFICER: AARON 4303    DATE: 3/28/07   TIME: _____

```
03/28/2007    00:20:43        INMATE RELEASE SHEET
================================================================
BOOKING NO: 060005031      INMATE NAME: HOLMES WESLEY KEITH
================================================================
        COURT: CIRCUIT          ATTORNEY ON REC:
        JUDGE: WALKER              PHONE: 000-000-0000
      REMARKS:
      REMARKS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    BOOK DATE: 10/18/2006  BOOK TIME: 11:17  BOOK TYPE: NORMAL

    ARREST DATE: 10/18/2006     BOOKING OFFICER: MS. GRIGGS
    ARREST DEPT: LCSO           CELL ASSIGNMENT:
  ARRST OFFICER:  COURT             MEAL CODE: 02  STATE
  PROJ. RLSDATE: 00/00/0000          FACILITY: 01  COUNTY JAIL
  SEARCH OFFCR: PHILLIPS        CLASSIFICATION:
  TYPE SEARCH: DRESSED          WORK RELEASE: N
 INTOX RESULTS: SOBER

        HOLDS: N
       AGENCY:              REASON:
       AGENCY:              REASON:
       AGENCY:              REASON:
       AGENCY:              REASON:

        NOTES:
        NOTES:
        NOTES:
================================================================
   RELEASE DATE: 03/28/2007  RELEASE TIME: 00:20   # DAYS SERVED:  162

 RELEASE OFFICER: AARON
   RELEASE TYPE: TRANSPORT TO KILBY
       REMARKS:
       REMARKS:
       REMARKS:
================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE _____    DATE: _____    TIME: _____

BOOK OFFICER: _AARON 43D31_     DATE: 3/28/07       TIME: _____
```

```
03/28/2007    00:20:43           INMATE CHARGE SHEET                          PAGE      3
===============================================================================
BOOKING NO: 060005031        INMATE NAME: HOLMES WESLEY KEITH
===============================================================================
  CHARGE NO:  1  DISPOSITION: SENTENCED              HOLD: N

ALA STATUTE: CC06-011.00            # OF COUNTS:    1
    OFFENSE: RAPE 1ST/120 MOS          WARRANT #:
     CASE #: CC-06-11
   BOND AMT: 10 YRS                       FINE:          $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 10/31/2006
RELEASE DTE: 00/00/0000
ARREST DATE: 10/18/2006            ARST AGENCY: LCSO
ARST OFFICR: COURT                     COUNTY: LEE
      COURT: CIRCUIT                     JUDGE: WALKER
DEF ATTORNY:                       DIST ATTORNEY:
   COMMENTS: 155 DYS JC
   COMMENTS: TRANS TO PEN 120 MONTHS CC06-.011.00/  CC06-011.01 12MO TO
   COMMENTS: RUN CONCURRENT
-------------------------------------------------------------------------------
```

STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM
LEE COUNTY FORM CC-30

## COMMITTAL TO CUSTODY

| CASE NUMBER |
| CC  CC  C11.00/01 |
| ID    YR    Case No. |

IN THE ___Circuit___ COURT OF

LEE COUNTY, ALABAMA

CASE NO. __CC CC C11.00/01__

State

_____
PLAINTIFF,

VS.

Wesley Keith Holmes,
_____
DEFENDANT.

The defendant, __Wesley Keith Holmes__ is

hereby committed to the custody of the Sheriff of Lee County, Alabama for:
Sexual Abuse I + TOP III - 120 months Penitentary -
12 months County Jail - Probation bring 12/14/06 @ooam
to run concurrent
Sentence placed into eff

Defendant's bond is hereby set at $ _____

DONE this the __31__ day of __October__, 2005.

for Reeves jail credit

_____
JUDGE

```
                              LEE COUNTY SHERIFF'S OFFICE
10/18/2006    11:19:20          INMATE BOOKING SHEET                    PAGE    1
================================================================================
BOOKING NO: 060005031

INMATE NAME: HOLMES WESLEY KEITH
       ALIAS:                                    RACE: W       SEX: M
       ALIAS:                                    HT: 6'00"  HAIR: BRO
     ADDRESS: 290 LEE RD. 876                    WT: 135    EYES: BLU
CITY/ST/ZIP: SMITHS, AL 36877              COMPLEX:
 HOME PHONE: 334-480-8926                       SSN: ████████████
        DOB: ████████  AGE:  19              DL ST:            DLN:
 PLCE BIRTH: COLUMBUS                           SID:
       STATE: GA                              LOCID: 30893
   M. STATUS: SINGLE
   RELIGION: CHRISTIAN
 GANG ASSOC:
SCARS/TATTOOS:
KNOWN ENEMIES:
     REMARKS:
------------------------------ NEXT OF KIN ------------------------------------
 NEXT OF KIN: WESLEY HOLMES              RELATIONSHIP: FATHER
     ADDRESS: 290 LEE RD. 876                   PHONE: 334-480-8926
 CITY/ST/ZIP: SMITHS, AL 36877
     REMARKS:
---------------------------- EMPLOYER INFO -----------------------------------
    EMPLOYED: N
EMPLOYER NAME:
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
---------------------------- MEDICAL ----------------------------------------
 HANDICAPPED: N   NEEDS: N
     GLASSES: N   SMOKE: N
MEDICAL NEEDS: N   NEEDS:
   PHYSICIAN:                          PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
---------------------------- PROPERTY ---------------------------------------
        CASH:      $00.00
 DESCRIPTION: NO CURRENCY
ADD. PROPERTY: STREET CLOTHES AND 1 BELT.
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER: 73
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:                          DATE: 10/18    TIME:

BOOK OFFICER:                    DATE: 1/18/06   TIME:
```

```
10/18/2006    11:19:20          LEE COUNTY SHERIFF'S OFFICE              PAGE    2
                                 INMATE BOOKING SHEET
======================================================================================
BOOKING NO: 060005031       INMATE NAME: HOLMES WESLEY KEITH
======================================================================================
           COURT: CIRCUIT             ATTORNEY ON REC:
           JUDGE: WALKER                    PHONE: 000-000-0000
         REMARKS:
         REMARKS:
--------------------------------------------------------------------------------------
    BOOK DATE: 10/18/2006   BOOK TIME: 11:17   BOOK TYPE: NORMAL

  ARREST DATE: 10/18/2006           BOOKING OFFICER: MS. GRIGGS
  ARREST DEPT: LCSO                 CELL ASSIGNMENT: F1
ARRST OFFICER:  COURT                     MEAL CODE: 01   LEE COUNTY
PROJ. RLSDATE: 00/00/0000                  FACILITY: 01   COUNTY JAIL
SEARCH OFFCR: PHILLIPS              CLASSIFICATION:
 TYPE SEARCH: DRESSED                WORK RELEASE: N
INTOX RESULTS: SOBER

        HOLDS: N
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:

        NOTES:
        NOTES:
        NOTES:
```

```
                        LEE COUNTY SHERIFF'S OFFICE                    PAGE    3
10/18/2006    11:19:20         INMATE CHARGE SHEET
================================================================================
BOOKING NO: 060005031          INMATE NAME: HOLMES WESLEY KEITH
================================================================================
   CHARGE NO:   1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE:                              # OF COUNTS:    1
    OFFENSE: RAPE 1ST                      WARRANT #:
     CASE #: CC-06-11                          FINE:          $0.00
    BOND AMT: $50,000
    BAIL AMT:
INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/18/2006          ARST AGENCY: LCSO
ARST OFFICR: COURT                   COUNTY: LEE
      COURT: CIRCUIT                  JUDGE: WALKER
DEF ATTORNY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
```

*120 months Pen.* (handwritten)

LEE COUNTY SHERIFF'S OFFICE
10/18/2006    11:19:20    MEDICAL SCREENING FORM                    PAGE 2
=============================================================================
Booking No: 060005031  Date: 10/18/2006  Time: 11:17  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: HOLMES WESLEY KEITH                  Race: W       Sex: M
        DOB: ▓▓▓▓▓▓▓7 Age:  19  SSN: 2▓▓▓▓▓▓▓8  Height: 6'00"  Weight: 135
-----------------------------------------------------------------------------

_Y_  13.  Have you recently been hospitalized or treated by a doctor? _Slit wrist_

_N_  14.  Do you currently take any non-prescription medication or medication
          prescribed by a doctor?

_N_  15.  Are you allergic to any medication?

_N_  16.  Do you have any handicaps or conditions that limit activity?

_Y_  17.  Have you ever attempted suicide or are you thinking about it now?

_Y_  18.  Do you regularly use alcohol or street drugs? _Marijuana_

_N_  19.  Do you have any problems when you stop drinking or using drugs?

_N_  20.  Do you have a special diet prescribed by a physician?

_N_  21.  Do you have any problems or pain with your teeth?

_N_  22.  Do you have any other medical problems we should know about?
          _1/3 Slit his wrist 3 months ago!_
          _____
          _____
          _____
          _____
          _____
          _____
          _____


I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: _[signature]_____     DATE: _10/18/06_   TIME: _____

BOOK OFFICER: _[signature]_____  DATE: _10/06_      TIME: _____

LEE COUNTY SHERIFF'S OFFICE
MEDICAL SCREENING FORM                                  PAGE 1
10/18/2006    11:19:20
=================================================================
Booking No: 060005031  Date: 10/18/2006  Time: 11:17  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

                                          Race: W        Sex: M
Inmate Name: HOLMES WESLEY KEITH
    DOB: ███████007 Age: 19  SSN:███████   Height: 6'00"  Weight: 135
-----------------------------------------------------------------

N    1.  Is inmate unconscious?

N    2.  Does inmate have any visible signs of trauma, illness, obvious pain
         and bleeding, requiring immediate emergency or doctor's care?

N    3.  Is there obvious fever, swollen lymph nodes, jaundice or other
         evidence of infection that might spread through the facility?

N    4.  Any signs of poor skin condition, vermin, rashes or needle marks?

N    5.  Does inmate appear to be under the influence of drugs or alcohol?

N    6.  Any visible signs of alcohol or drug withdrawal?

N    7.  Does inmate's behavior suggest the risk of suicide or assault?

N    8.  Is inmate carrying any medication?

N    9.  Does the inmate have any physical deformities?

N   10.  Does inmate appear to have psychiatric problems?

    11.  Do you have or have you ever had or has anyone in your family
         ever had any of the following?

    N  a. Allergies    N  f. Fainting Spells    N  k. Seizures
    N  b. Arthritis     N  g. Hearing Condition  N  l. Tuberculosis
    N  c. Asthma        N  h. Hepatitis          N  m. Ulcers
    N  d. Diabetes      N  i. High Blood Pressure N  n. Venereal Disease
    N  e. Epilepsy      N  j. Psychiatric Disorder N o. Other (Specify)

    Other:  _____

            _____

            _____

    12.  For females only:

         N  a. Are you pregnant?

         N  b. Do you take birth control pills?

         N  c. Have you recently delivered?

```
02/01/2006    14:52:08        LEE COUNTY SHERIFF'S OFFICE              PAGE    1
                              INMATE RELEASE SHEET
================================================================================
==================
BOOKING NO: 060000562

INMATE NAME: HOLMES WESLEY KEITH
      ALIAS:                                    RACE: W        SEX: M
      ALIAS:                                    HT: 6'00"  HAIR: BRO
    ADDRESS: 290 LEE RD. 876                    WT: 135    EYES: BLU
CITY/ST/ZIP: SMITHS, AL 36877            COMPLEX:
 HOME PHONE: 334-480-8926                    SSN: ███████████
        DOB: ████████ AGE:  18              DL ST:              DLN:
  PLCE BIRTH: COLUMBUS                         SID:
      STATE: GA                             LOCID: 30893
   M. STATUS: SINGLE
   RELIGION: CHRISTIAN
 GANG ASSOC:
SCARS/TATTOOS:
KNOWN ENEMIES:
    REMARKS:
------------------------------- NEXT OF KIN -----------------------------------
 NEXT OF KIN: WESLEY HOLMES                RELATIONSHIP: FATHER
    ADDRESS: 290 LEE RD. 876                      PHONE: 334-480-8926
CITY/ST/ZIP: SMITHS, AL 36877
    REMARKS:
------------------------------ EMPLOYER INFO ----------------------------------
   EMPLOYED: N
EMPLOYER NAME:
    ADDRESS:
CITY/ST/ZIP: ,
      PHONE: 000-000-0000
-------------------------------- MEDICAL --------------------------------------
HANDICAPPED: N  NEEDS: N
    GLASSES: N  SMOKE: N
MEDICAL NEEDS: N  NEEDS:
   PHYSICIAN:                            PHONE: 000-000-0000
    REMARKS:

    REMARKS:
    REMARKS:
-------------------------------- PROPERTY -------------------------------------
       CASH:        $00.00
 DESCRIPTION:
ADD. PROPERTY: BELT, WALLET, HEAD BAND, LIP CHAP
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER: 212
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
================================================================================
==================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____    DATE: Z-1-06  TIME: _____

                           DATE: _____  TIME: _____
BOOK OFFICER: _____
```

```
02/01/2006   14:52:08          LEE COUNTY SHERIFF'S OFFICE              PAGE     2
                                INMATE RELEASE SHEET
===============================================================================
BOOKING NO: 060000562      INMATE NAME: HOLMES WESLEY KEITH
===============================================================================
           COURT:                       ATTORNEY ON REC:
           JUDGE:                           PHONE: 000-000-0000
         REMARKS:
         REMARKS:
-------------------------------------------------------------------------------
     BOOK DATE: 02/01/2006  BOOK TIME: 10:15  BOOK TYPE: NORMAL

   ARREST DATE: 02/01/2006          BOOKING OFFICER: BLACK
   ARREST DEPT: LCSO                CELL ASSIGNMENT:
 ARRST OFFICER: COURT                    MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000                FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR:                       CLASSIFICATION:
   TYPE SEARCH:                        WORK RELEASE: N
 INTOX RESULTS:

        HOLDS: N
       AGENCY:                    REASON:
       AGENCY:                    REASON:
       AGENCY:                    REASON:
       AGENCY:                    REASON:

        NOTES:
        NOTES:
        NOTES:
===============================================================================
  RELEASE DATE: 02/01/2006  RELEASE TIME: 14:51   # DAYS SERVED:      1

RELEASE OFFICER: BLACK
   RELEASE TYPE: BAD BOYS BOND 5-23-06
        REMARKS: CLEAR NCIC BLACK
        REMARKS:
        REMARKS:
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____     DATE:_____    TIME:_____

BOOK OFFICER:_____     DATE:_____    TIME:_____
```

```
02/01/2006     14:52:08          INMATE CHARGE SHEET                    PAGE     3
=====================================================================================
BOOKING NO: 060000562      INMATE NAME: HOLMES WESLEY KEITH
=====================================================================================
  CHARGE NO:   1  DISPOSITION: RELEASED              HOLD: N

ALA STATUTE: CC06-011.01              # OF COUNTS:    1
    OFFENSE: TOP I                     WARRANT #:
     CASE #:
   BOND AMT: 10,000                        FINE:          $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 02/01/2006
ARREST DATE: 02/01/2006            ARST AGENCY: LCSO
ARST OFFICR:                           COUNTY:
      COURT:                            JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY L43D36
-------------------------------------------------------------------------------------
```

```
02/01/2006    10:18:09      LEE COUNTY SHERIFF'S OFFICE          PAGE    1
                            INMATE BOOKING SHEET
===============================================================================
BOOKING NO: 060000562

INMATE NAME: HOLMES WESLEY KEITH
      ALIAS:                               RACE: W      SEX: M
      ALIAS:                               HT: 6'00"  HAIR: BRO
    ADDRESS: 290 LEE RD. 876               WT: 135    EYES: BLU
 CITY/ST/ZIP: SMITHS, AL 36877         COMPLEX:
 HOME PHONE: 334-480-8926               SSN: 2████████
        DOB: ███████7  AGE:  18         DL ST:            DLN:
  PLCE BIRTH: COLUMBUS                      SID:
      STATE: GA                         LOCID: 30893
  M. STATUS: SINGLE
   RELIGION: CHRISTIAN
 GANG ASSOC:
SCARS/TATTOOS:
KNOWN ENEMIES:
    REMARKS:
------------------------------ NEXT OF KIN ------------------------------------
  NEXT OF KIN: WESLEY HOLMES            RELATIONSHIP: FATHER
      ADDRESS: 290 LEE RD. 876                 PHONE: 334-480-8926
  CITY/ST/ZIP: SMITHS, AL 36877
      REMARKS:
------------------------------ EMPLOYER INFO ----------------------------------
    EMPLOYED: N
EMPLOYER NAME:
      ADDRESS:
  CITY/ST/ZIP: ,
        PHONE: 000-000-0000
-------------------------------- MEDICAL --------------------------------------
  HANDICAPPED: N    NEEDS: N
      GLASSES: N    SMOKE: N
MEDICAL NEEDS: N    NEEDS:
    PHYSICIAN:               PHONE: 000-000-0000
      REMARKS:

      REMARKS:
      REMARKS:
-------------------------------- PROPERTY -------------------------------------
        CASH:      $00.00
  DESCRIPTION:
ADD. PROPERTY: BELT, WALLET, HEAD BAND, LIP CHAP
ADD. PROPERTY:
ADD. PROPERTY:
   BIN NUMBER: 212
VEH IMPOUNDED:
  IMPOUND LOT:
      REMARKS:
      REMARKS:
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X _____        DATE: _____      TIME: _____

BOOK OFFICER: _____        DATE: 2-1-06       TIME: 1021
```

```
02/01/2006    10:18:09         LEE COUNTY SHERIFF'S OFFICE          PAGE    2
                               INMATE BOOKING SHEET
==============================================================================
BOOKING NO: 060000562     INMATE NAME: HOLMES WESLEY KEITH
==============================================================================
        COURT:                          ATTORNEY ON REC:
        JUDGE:                              PHONE: 000-000-0000
        REMARKS:
        REMARKS:
------------------------------------------------------------------------------
     BOOK DATE: 02/01/2006  BOOK TIME: 10:15  BOOK TYPE: NORMAL

  ARREST DATE: 02/01/2006          BOOKING OFFICER: BLACK
  ARREST DEPT: LCSO                CELL ASSIGNMENT: HC3
ARRST OFFICER: COURT                    MEAL CODE: 01  LEE COUNTY
PROJ. RLSDATE: 00/00/0000                FACILITY: 01  COUNTY JAIL
 SEARCH OFFCR:                      CLASSIFICATION:
  TYPE SEARCH:                       WORK RELEASE: N
INTOX RESULTS:

        HOLDS: N
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:

        NOTES:
        NOTES:
        NOTES:
```

02/01/2006    10:18:09    LEE COUNTY SHERIFF'S OFFICE    PAGE    3
                          INMATE CHARGE SHEET

===================================================================

BOOKING NO: 060000562    INMATE NAME: HOLMES WESLEY KEITH

===================================================================

    CHARGE NO:   1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE:  cc06-011.01          # OF COUNTS:    1
    OFFENSE:  ●●● Top I              WARRANT #:
      CASE #:
    BOND AMT:  10,000                     FINE:        $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 00/00/0000             ARST AGENCY:
ARST OFFICR:                            COUNTY:
      COURT:                             JUDGE: Walker
DEF ATTORNY:                        DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
---------------------------------------------------------------

PAGE 2

02/01/2006    10:18:09    MEDICAL SCREENING FORM

==================================================================================

Booking No: 060000562  Date: 02/01/2006  Time: 10:15  Type: NORMAL
Agency to Bill: LEE COUNTY                     Facility: COUNTY JAIL

                                                    Race: W        Sex: M
Inmate Name: HOLMES WESLEY KEITH                    Height: 6'00"  Weight: 135
      DOB: ▓▓▓▓▓7 Age: 18  SSN: ▓▓▓▓▓▓▓▓▓

--------------------------------------------------------------------------------

N  13.  Have you recently been hospitalized or treated by a doctor?

N  14.  Do you currently take any non-prescription medication or medication
        prescribed by a doctor?

N  15.  Are you allergic to any medication?

N  16.  Do you have any handicaps or conditions that limit activity?

N  17.  Have you ever attempted suicide or are you thinking about it now?

N  18.  Do you regularly use alcohol or street drugs?

N  19.  Do you have any problems when you stop drinking or using drugs?

N  20.  Do you have a special diet prescribed by a physician?

N  21.  Do you have any problems or pain with your teeth?

N  22.  Do you have any other medical problems we should know about?

        _No medical problems_

        _____

        _____

        _____

        _____

        _____

        _____

        _____


I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: X _____     DATE: _____  TIME: _____

BOOK OFFICER: _____     DATE: 2-1-06   TIME: 1022

02/01/2006   10:18:09   MEDICAL SCREENING FORM                    PAGE 1
=========================================================================
Booking No: 060000562  Date: 02/01/2006   Time: 10:15   Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: HOLMES WESLEY KEITH                      Race: W        Sex: M
     DOB: ███████████ Age:  18   SSN: ████████████   Height: 6'00"  Weight: 135
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1. Is inmate unconscious?

2. Does inmate have any visible signs of trauma, illness, obvious pain
   and bleeding, requiring immediate emergency or doctor's care?

3. Is there obvious fever, swollen lymph nodes, jaundice or other
   evidence of infection that might spread through the facility?

4. Any signs of poor skin condition, vermin, rashes or needle marks?

5. Does inmate appear to be under the influence of drugs or alcohol?

6. Any visible signs of alcohol or drug withdrawal?

7. Does inmate's behavior suggest the risk of suicide or assault?

8. Is inmate carrying any medication?

9. Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family
    ever had any of the following?

    a. Allergies          f. Fainting Spells        k. Seizures
    b. Arthritis          g. Hearing Condition      l. Tuberculosis
    c. Asthma             h. Hepatitis              m. Ulcers
    d. Diabetes           i. High Blood Pressure    n. Venereal Disease
    e. Epilepsy           j. Psychiatric Disorder   o. Other (Specify)

    Other: _____

           _____

           _____

12. For females only:

    a. Are you pregnant?

    b. Do you take birth control pills?

    c. Have you recently delivered?

```
11/29/2005    16:08:35          INMATE RELEASE SHEET                PAGE     1
===============================================================================
BOOKING NO: 050004135

INMATE NAME: HOLMES WESLEY KEITH
      ALIAS:                              RACE: W      SEX: M
      ALIAS:                              HT: 6'00" HAIR: BRO
    ADDRESS: 290 LEE RD. 876              WT: 135     EYES: BLU
CITY/ST/ZIP: SMITHS, AL 36877         COMPLEX:
 HOME PHONE: 334-480-8926                  SSN: ▮▮▮▮▮▮▮▮▮
        DOB: ▮▮▮▮▮▮▮▮▮ AGE:  18        DL ST:          DLN:
 PLCE BIRTH: COLUMBUS                      SID:
      STATE: GA                          LOCID: 30893
  M. STATUS: SINGLE
   RELIGION: CHRISTIAN
 GANG ASSOC:
SCARS/TATTOOS:
KNOWN ENEMIES:
    REMARKS:
------------------------- NEXT OF KIN ---------------------------------
 NEXT OF KIN: THERESA HOLMES          RELATIONSHIP: MOTHER
     ADDRESS: 290 LEE RD. 876                PHONE: 334-480-8926
 CITY/ST/ZIP: SMITHS, AL 36877
     REMARKS:
------------------------- EMPLOYER INFO -------------------------------
    EMPLOYED: N
EMPLOYER NAME:
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
------------------------------ MEDICAL --------------------------------
  HANDICAPPED: N   NEEDS: N
     GLASSES: N   SMOKE: N
MEDICAL NEEDS: N   NEEDS:
   PHYSICIAN:                    PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
------------------------------ PROPERTY -------------------------------
        CASH:      $00.00
 DESCRIPTION: NO MONEY
ADD. PROPERTY: 1 BELT, 1 WALLET W/CONTENTS,1CHAPSTICK,1PEN,AND 1WRISTBAND
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER: 254
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____  DATE: 11-29   TIME: _____

BOOK OFFICER: _____  DATE: 11-29   TIME: 1611
```

```
11/29/2005    16:08:35      INMATE RELEASE SHEET              PAGE    2
===============================================================================
BOOKING NO: 050004135     INMATE NAME: HOLMES WESLEY KEITH
===============================================================================
        COURT:                      ATTORNEY ON REC:
        JUDGE:                          PHONE: 000-000-0000
      REMARKS:
      REMARKS:
-------------------------------------------------------------------------------
    BOOK DATE: 09/06/2005  BOOK TIME: 18:42  BOOK TYPE: NORMAL

  ARREST DATE: 09/06/2005               BOOKING OFFICER: WRIGHT
  ARREST DEPT: LCSO                     CELL ASSIGNMENT:
ARRST OFFICER: TAYLOR                         MEAL CODE: 01  LEE COUNTY
PROJ. RLSDATE: 00/00/0000                      FACILITY: 01  COUNTY JAIL
SEARCH OFFCR: WRIGHT                     CLASSIFICATION:
  TYPE SEARCH: PAT                        WORK RELEASE: N
INTOX RESULTS: SOBER

        HOLDS: N
       AGENCY:                  REASON:
       AGENCY:                  REASON:
       AGENCY:                  REASON:
       AGENCY:                  REASON:

        NOTES:
        NOTES:
        NOTES:
===============================================================================
 RELEASE DATE: 11/29/2005  RELEASE TIME: 16:08    # DAYS SERVED:    85

RELEASE OFFICER: BLACK
   RELEASE TYPE: PROPERTY BOND
        REMARKS: FILLED OUT FROM UP FRONT /HAZEL COURT DATE 2-1-06
        REMARKS: CLEAR NCIC
        REMARKS:
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____     DATE:_____     TIME:_____

BOOK OFFICER:_____   DATE:_____     TIME:_____
```

```
                           LEE COUNTY SHERIFF'S OFFICE
                             INMATE CHARGE SHEET                      PAGE    3
11/29/2005   16:08:35
===============================================================================
BOOKING NO: 050004135     INMATE NAME: HOLMES WESLEY KEITH
===============================================================================
   CHARGE NO:  1  DISPOSITION: RELEASED              HOLD: N

ALA STATUTE: CC05-2445               # OF COUNTS:   1
    OFFENSE: RAPE I                  WARRANT #: 0509-0282A
     CASE #: CC05-2445
   BOND AMT: 50,000                         FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 09/06/2005             ARST AGENCY: LCSO
ARST OFFICR: TAYLOR                     COUNTY: LEE
      COURT:                             JUDGE: NIX
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS: BOND REDUCED 11-16-05
   COMMENTS: PROPERTY BOND FILLED OUT FROM UP FRONT 2-1-06 COURT
   COMMENTS:
```

LEE COUNTY SHERIFF'S OFF

PAGE    1

09
==
BO

IN                          : W          SEX: M
                            : 6'00"      HAIR: BRO
                            : 135        EYES: BLU
CI
HO                          : 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
                                         DLN:
PI
                            30893
M

GA
SCA
KNO

FORM DC-7          LEE COUNTY DISTRICT COURT
                   OUT-OF-COURT DISPOSITION

NAME  Wesley Keith Holmes  DATE 11-16-05

CHARGE  Rape 1st          CASE NO. 05-2449

COURT DATE _____  FTA _____

                    A C T I O N

___ Continue to _____  for _____

___ Pay fine of _____ and court costs of _____

___ Nol pross on motion of _____

___ Nol pross on payment of court costs

___ Submit money order or cashier's check for $ _____

      payable to _____

___ Pay restitution of $ _____

EMPLOYER
   ADDRE                   F T A
CITY/ST/2
        PH  Pay fine of $ _____ and court costs of $ _____

HANDICAP  Withdraw writ, vacate FTA
   GLA
MEDICAL  Withdraw writ, nol pross FTA on payment of court costs
   PHYS
           Withdraw writ, keep FTA and reset case on docket to _____

                    O T H E R

___ Pay by _____  Or be in Court _____

X  Other orders  Bond reduced to
                 50,000.00 -
                 & no contact

                          _____ JUDGE

SHIP: MOTHER
HONE: 334-480-8926

AND 1WRISTBAND

====
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____  DATE: 9-6-05  TIME: _____

BOOK OFFICER: Wright 43D49  DATE: 9-6-05  TIME: _____

```
                          LEE COUNTY SHERIFF'S OFFICE
                                                                 PAGE    2
09/06/2005    19:03:12      INMATE BOOKING SHEET
===============================================================================
BOOKING NO: 050004135    INMATE NAME: HOLMES WESLEY KEITH
===============================================================================
       COURT:                   ATTORNEY ON REC:
       JUDGE:                        PHONE: 000-000-0000
    REMARKS:
    REMARKS:
-------------------------------------------------------------------------------
    BOOK DATE: 09/06/2005  BOOK TIME: 18:42  BOOK TYPE: NORMAL

  ARREST DATE: 09/06/2005        BOOKING OFFICER: WRIGHT
  ARREST DEPT: LCSO              CELL ASSIGNMENT:
ARRST OFFICER: TAYLOR                  MEAL CODE: 01   LEE COUNTY
PROJ. RLSDATE: 00/00/0000               FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR: WRIGHT            CLASSIFICATION:
  TYPE SEARCH: PAT                 WORK RELEASE: N
INTOX RESULTS: SOBER

       HOLDS: N
      AGENCY:              REASON:
      AGENCY:              REASON:
      AGENCY:              REASON:
      AGENCY:              REASON:

       NOTES:
       NOTES:
       NOTES:
```

```
                              LEE COUNTY SHERIFF'S OFFICE
                                INMATE CHARGE SHEET                        PAGE    3
09/06/2005    19:03:12
==============================================================================
BOOKING NO: 050004135       INMATE NAME: HOLMES WESLEY KEITH
==============================================================================
    CHARGE NO:   1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: 0509-0282A              # OF COUNTS:   1
    OFFENSE: RAPE I                  WARRANT #: 0509-0282A
      CASE #:
    BOND AMT:        50,000              FINE:      $0.00
    BAIL AMT:
 INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 09/06/2005              ARST AGENCY: LCSO
 ARST OFFICR: TAYLOR                     COUNTY: LEE
       COURT:                             JUDGE:
 DEF ATTORNY:                      DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
------------------------------------------------------------------------------
```

LEE COUNTY SHERIFF'S OFFICE                                    PAGE 1
09/06/2005    19:03:12    MEDICAL SCREENING FORM
========================================================================
Booking No: 050004135  Date: 09/06/2005  Time: 18:42  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: HOLMES WESLEY KEITH                Race: W        Sex: M
      DOB: ▓▓▓▓▓▓▓ Age:  17  SSN: ▓▓▓▓▓▓▓▓ Height: 6'00"  Weight: 135
------------------------------------------------------------------------

**N**   1.  Is inmate unconscious?

**N**   2.  Does inmate have any visible signs of trauma, illness, obvious pain
            and bleeding, requiring immediate emergency or doctor's care?

**N**   3.  Is there obvious fever, swollen lymph nodes, jaundice or other
            evidence of infection that might spread through the facility?

**Y**   4.  Any signs of poor skin condition, vermin, <u>rashes</u> or needle marks?

**N**   5.  Does inmate appear to be under the influence of drugs or alcohol?

**N**   6.  Any visible signs of alcohol or drug withdrawal?

**N**   7.  Does inmate's behavior suggest the risk of suicide or assault?

**N**   8.  Is inmate carrying any medication?

**N**   9.  Does the inmate have any physical deformities?

**N**  10.  Does inmate appear to have psychiatric problems?

      11.  Do you have or have you ever had or has anyone in your family
           ever had any of the following?

| | | | | | |
|---|---|---|---|---|---|
| **Y** a. Allergies | **N** f. Fainting Spells | **N** k. Seizures |
| **Y** b. Arthritis | **N** g. Hearing Condition | **N** l. Tuberculosis |
| **Y** c. Asthma | **N** h. Hepatitis | **N** m. Ulcers |
| **Y** d. Diabetes | **Y** i. High Blood Pressure | **N** n. Venereal Disease |
| **N** e. Epilepsy | **N** j. Psychiatric Disorder | **N** o. Other (Specify) |

Other: _____
       _____
       _____

      12.  For females only:

      _____  a. Are you pregnant?

      _____  b. Do you take birth control pills?

      _____  c. Have you recently delivered?

LEE COUNTY SHERIFF'S OFFICE
09/06/2005     19:03:12     MEDICAL SCREENING FORM                    PAGE 2
================================================================================
Booking No: 050004135  Date: 09/06/2005  Time: 18:42  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: HOLMES WESLEY KEITH                    Race: W        Sex: M
        DOB: ████████  Age:  17  SSN:████████████  Height: 6'00"  Weight: 135
--------------------------------------------------------------------------------

| | | |
|---|---|---|
| N | 13. | Have you recently been hospitalized or treated by a doctor? |
| N | 14. | Do you currently take any non-prescription medication or medication prescribed by a doctor? |
| N | 15. | Are you allergic to any medication? |
| N | 16. | Do you have any handicaps or conditions that limit activity? |
| N | 17. | Have you ever attempted suicide or are you thinking about it now? |
| Y | 18. | Do you regularly use <u>alcohol</u> or <u>street drugs</u>? |
| N | 19. | Do you have any problems when you stop drinking or using drugs? |
| N | 20. | Do you have a special diet prescribed by a physician? |
| N | 21. | Do you have any problems or pain with your teeth? |
| N | 22. | Do you have any other medical problems we should know about? |

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: _____    DATE:_____   TIME:_____

BOOK OFFICER: _Wright 43049_____   DATE: 9-6-05      TIME:_____

# Exhibit B
# Affidavit of Cary Torbert, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **WESLEY KEITH HOLMES, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 3:07-cv-00241-WKW** |
| | ) |
| **SHERIFF JAY JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**AFFIDAVIT OF CARY TORBERT, JR.**</u>

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Cary Torbert, Jr., who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Cary Torbert, Jr.  I am over the age of nineteen and competent to execute this affidavit.

2.      I serve as Chief Deputy of Corrections of the Lee County Detention Center and have obtained the rank of Major.  I have worked with the Lee County Sheriff's Office for over 34 years.

3.      I am familiar with the Plaintiff, Wesley Keith Homes, due to his incarceration in the Lee County Detention Center.

4.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    The Plaintiff was a pretrial detainee and a convicted inmate during his incarceration at the Lee County Detention Center.

6.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon. It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the sheriff, chief deputy sheriff, or Detention Center personnel.

7.    Inmates housed in the Lee County Detention Center are furnished with inmate request forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

8.    All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the

2

inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

9.      I have never received any request form from the Plaintiff concerning any of the allegations of his Complaint.  Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command.  The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

10.     A copy of all grievances are filed in the inmate's file.  However, Plaintiff's Inmate File contains no grievances regarding the subjects of his Complaint.  Had the Plaintiff made a request concerning any other allegations of his Complaint a copy would have been placed in the Plaintiff's inmate file.

11.     It is the policy of the Lee County Detention Center that inmates are served three meals each day at regularly scheduled times.  Strict sanitary practices are followed in the Detention Center kitchen.  At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast.  All meals are served at the appropriate temperature as soon as possible after they are prepared.  Hot meals are served using heated carts so that the food is hot when served to each inmate.  The individuals who pass out the food are required to wear gloves.

12.     In the event that the number of inmates exceeds the number of beds in the Lee County Detention Center, the inmates will be provided with either a portable bed or a mattress a blanket and bed linens.  Inmates are never required to sleep on the floor without a mattress.  All inmates at the Lee County Detention Center are assigned a mattress, bed linens and a blanket.

3

13.    It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.  It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.  It is the policy of the Lee County Sheriff's Office to maintain a housekeeping plan at the Lee County Detention Center in order that all areas of the Detention Center are kept clean and sanitary.  Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.   The first and second shift supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.  Each cleaning consists of the following:  Floors are swept and mopped.  Toilets are scrubbed with toilet cleanser and disinfectant. Sinks and showers are scrubbed with scouring cleanser and disinfectant. Tables and benches are washed.  Bunks and sleeping areas are made clean and orderly.   Trash receptacles are emptied and washed daily. The shift supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time.   The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Center.  Inmates also have access to cleaning materials at any time during the day so that they may clean their showers.

14.    It is the policy of the Lee County Sheriff's Office to maintain a high level of pest and vermin control within the Lee County Detention Center in order to ensure a minimum level of pest infestation.  The chief deputy sheriff ensures that all areas of the Lee County Detention Center are sprayed with insecticide at least once each month.    This

4

company will spray more than once a month if necessary. A licensed pest control service is contracted to provide control for vermin and insects. Detention Center personnel utilize this service to the maximum extent allowed in order to prevent and control the infestation of pests and vermin. Shift supervisors ensure that all appropriate areas of the Detention Center are treated with any additional insecticides or powders necessary as directed by the chief deputy. All shift supervisors, when conducting daily housekeeping inspections, look for possible or potential pest problems.

15.    It is the policy of the Lee County Sheriff that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair. Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature. An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or immediately contact maintenance personnel to fix the toilet. The Lee County Commission has assigned two persons from the County maintenance department to the jail who are available full time to repair any toilet or speaker which is broken. Inmates have access to three or four toilets within their cellblock. There is a toilet in each cell in the cellblock. There is also a toilet in the dayroom of each cellblock. In the event that a toilet cannot be repaired before the inmates lock down in their cells at night, any inmate housed in the cell with the broken toilet is to be given the opportunity to use the toilet during any time that he needs to during the night. It would be a direct violation of policy for an inmate to ever be denied access to a working toilet.

16.    A member of the Detention Center staff must inspect the entire Detention Center facility at least once each hour. However, at least one Detention Center staff member is normally in

each inmate hall at least every 15 to 20 minutes. Thus, staff are always made aware of a broken speaker or toilet.

17.   I am not aware of a broken speaker in any cell in which Plaintiff was incarcerated. Due to inmate vandalism and misuse, toilets will often require maintenance at the Lee County Detention Center. However, this maintenance is taken care of as soon as possible. Should a speaker be broken, it would also be repaired as soon as possible. The Lee County Commission has assigned two persons from the County maintenance department to the jail who are available full time to repair items such as toilets or speakers in a prompt manner.

18.   Plaintiff claims that a toilet has a water leak "inches" from where he was sleeping. It would be a violation of jail policy to assign an inmate to sleep in water leaking from a toilet or to assign an inmate to sleep within "inches" of a leaking toilet.

19.   The Plaintiff did not submit a request concerning any of the allegations in his Complaint. Had I received any such a request, I would have taken the proper steps to remedy any problem the Plaintiff was experiencing.

20.   I have complied with all policies and procedures of the Lee County Detention Center. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

21.   All documents attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business. I am the custodian of these records.

6

22.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____

CARY TORBERT, JR.

SWORN TO and SUBSCRIBED before me this 3 0 day of May, 2007.

_____

NOTARY PUBLIC
My Commission Expires:_____ MY COMMISSION EXPIRES FEB. 5, 2011

7

# Exhibit C
# Affidavit of Sheriff Jay Jones

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **WESLEY KEITH HOLMES, JR.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No. 3:07-cv-00241-WKW** |
| | ) |
| **SHERIFF JAY JONES, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

<u>**AFFIDAVIT OF JAY JONES**</u>

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

    **BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Jay Jones, who being known to me and being by me first duly sworn on oath deposes and says as follows:

    1.     My name is Jay Jones. I am over the age of nineteen and competent to execute this affidavit.

    2.     I am the duly elected Sheriff of Lee County, Alabama, and have served in such capacity since 1999.

    3.     I am familiar with the Plaintiff Wesley Keith Holmes due to his incarceration in the Lee County Detention Center.

    4.     I have delegated the responsibility for the day-to-day functions of the Lee County Detention Center to Major Cary Torbert, Jr., the Chief Deputy of Corrections of the Lee County

Detention Center.  As sheriff of Lee County, I am responsible for promulgating the policies governing the Lee County Detention Center

5.      I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

6.      As Sheriff of Lee County, I am responsible for promulgating the policies governing the Lee County Detention Center.

7.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

8.      Internal grievance procedures at the Lee County Detention Center are available to all inmates.  It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.  It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the sheriff, chief deputy sheriff, or Detention Center personnel.

9.      Inmates housed in the Lee County Detention Center are furnished with inmate request forms for the purpose of stating their requests or grievances in writing.  Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate.  The officer receiving the request form is to answer the request if possible.  If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered.  If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed.  If the officer to whom the request

2

is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

10.    All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

11.    I have never received any grievance or request form from the Plaintiff concerning any of the allegations of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

12.    It is the policy of the Lee County Detention Center that inmates are served three meals each day at regularly scheduled times. Strict sanitary practices are followed in the Detention Center kitchen. At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast. All meals are served at the appropriate temperature as soon as possible after they are prepared. Hot meals are served using heated carts so that the food is hot when served to each inmate. The individuals who pass out the food are required to wear gloves.

13.    In the event that the number of inmates exceeds the number of beds in the Lee County Detention Center, the inmates will be provided with either a portable bed or a mattress a

3

blanket and bed linens. Inmates are never required to sleep on the floor without a mattress. All inmates at the Lee County Detention Center are assigned a mattress, bed linens and a blanket.

14.     It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff. It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment. It is the policy of the Lee County Sheriff's Office to maintain a housekeeping plan at the Lee County Detention Center in order that all areas of the Detention Center are kept clean and sanitary. Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.   The first and second shift supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.  Each cleaning consists of the following:  Floors are swept and mopped.  Toilets are scrubbed with toilet cleanser and disinfectant. Sinks and showers are scrubbed with scouring cleanser and disinfectant. Tables and benches are washed.  Bunks and sleeping areas are made clean and orderly.   Trash receptacles are emptied and washed daily. The shift supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time.  The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility. Inmates also have access to cleaning materials at any time during the day so that they may clean their showers.

15.     It is the policy of the Lee County Sheriff's Office to maintain a high level of pest and vermin control within the Lee County Detention Center in order to ensure a

4

minimum level of pest infestation. The chief deputy sheriff ensures that all areas of the Lee County Detention Center are sprayed with insecticide at least once each month. This company will spray more than once a month if necessary. A licensed pest control service is contracted to provide control for vermin and insects. Detention Center personnel utilize this service to the maximum extent allowed in order to prevent and control the infestation of pests and vermin. Shift supervisors ensure that all appropriate areas of the Detention Center are treated with any additional insecticides or powders necessary as directed by the chief deputy. All shift supervisors, when conducting daily housekeeping inspections, look for possible or potential pest problems.

16.     It is the policy of the Lee County Sheriff that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair. Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature. An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or immediately contact maintenance personnel to fix the toilet. The Lee County Commission has assigned two persons from the County maintenance department to the jail who are available full time to repair any toilet or speaker which is broken. Inmates have access to three or four toilets within their cellblock. There is a toilet in each cell in the cellblock. There is also a toilet in the dayroom of each cellblock. In the event that a toilet cannot be repaired before the inmates lock down in their cells at night, any inmate housed in the cell with the broken toilet is to be given the opportunity to use the toilet during any time that he needs to during the night. It would be a direct violation of policy for an inmate to ever be denied access to a working toilet.

5

17.    A member of the Detention Center staff must inspect the entire Detention Center facility at least once each hour. However, at least one Detention Center staff member is normally in each inmate hall at least every 15 to 20 minutes. Thus, staff are always made aware of a broken speaker or toilet.

18.    I am not aware of a broken speaker in any cell in which Plaintiff was incarcerated. Due to inmate vandalism and misuse, toilets will often require maintenance at the Lee County Detention Center. However, this maintenance is taken care of as soon as possible. Should a speaker be broken, it would also be repaired as soon as possible. The Lee County Commission has assigned two persons from the County maintenance department to the jail who are available full time to repair items such as toilets or speakers in a prompt manner.

19.    Plaintiff claims that a toilet has a water leak "inches" from where he was sleeping. It would be a violation of jail policy to assign an inmate to sleep in water leaking from a toilet or to assign an inmate to sleep within "inches" of a leaking toilet.

20.    The Plaintiff did not submit a request concerning any of the allegations in his Complaint. Had I received any such a request, I would have taken the proper steps to remedy any problem the Plaintiff was experiencing.

21.    I have complied with all policies and procedures of the Lee County Detention Center. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

6

22.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


JAY JONES

**SWORN TO** and **SUBSCRIBED** before me this 3 0 day of May, 2007.


NOTARY PUBLIC
My Commission Expires:_____ MY COMMISSION EXPIRES FEB. 5, 2011

7

# Exhibit D
# Affidavit of Corey Welch

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| WESLEY KEITH HOLMES, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07-cv-00241-WKW |
| | ) |
| SHERIFF JAY JONES, et al., | ) |
| | ) |
|     Defendants. | ) |

### AFFIDAVIT OF COREY WELCH

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Corey Welch, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Corey Welch. I am over the age of nineteen and competent to execute this affidavit.

2.    I am employed by the Lee County Sheriff's Office and assigned to serve as a corrections officer at the Lee County Detention Center. I have worked as a correctional officer for over ten years, having obtained the rank of Lieutenant in November 2004. I am both a graduate of the Police Academy and the Alabama Jail Management School. Lt. Roberson and I are the highest ranking jail officials under Major Torbert and Sheriff Jones.

3.    I am familiar with the Plaintiff Wesley Keith Holmes due to his incarceration in the Lee County Detention Center.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon. It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the sheriff, chief deputy sheriff, or Detention Center personnel.

6.    Inmates housed in the Lee County Detention Center are furnished with inmate request forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

7.    All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate

2

staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

8. I have never received any request form from the Plaintiff concerning any of the allegations of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

9. A copy of all grievances are filed in the inmate's file. However, Plaintiff's Inmate File contains no grievances regarding the subjects of his Complaint. Had the Plaintiff made a request concerning any other allegations of his Complaint a copy would have been placed in the Plaintiff's inmate file.

10. It is the policy of the Lee County Detention Center that inmates are served three meals each day at regularly scheduled times. Strict sanitary practices are followed in the Detention Center kitchen. At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast. All meals are served at the appropriate temperature as soon as possible after they are prepared. Hot meals are served using heated carts so that the food is hot when served to each inmate. The individuals who pass out the food are required to wear gloves.

11. In the event that the number of inmates exceeds the number of beds in the Lee County Detention Center, the inmates will be provided with either a portable bed or a mattress a

3

blanket and bed linens. Inmates are never required to sleep on the floor without a mattress. All inmates at the Lee County Detention Center are assigned a mattress, bed linens and a blanket.

12.    It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff. It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment. It is the policy of the Lee County Sheriff's Office to maintain a housekeeping plan at the Lee County Detention Center in order that all areas of the Detention Center are kept clean and sanitary. Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.    The first and second shift supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.    Each cleaning consists of the following: Floors are swept and mopped. Toilets are scrubbed with toilet cleanser and disinfectant. Sinks and showers are scrubbed with scouring cleanser and disinfectant. Tables and benches are washed. Bunks and sleeping areas are made clean and orderly. Trash receptacles are emptied and washed daily. The shift supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time. The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Center. Inmates also have access to cleaning materials at any time during the day so that they may clean their showers.

13.    It is the policy of the Lee County Sheriff's Office to maintain a high level of pest and vermin control within the Lee County Detention Center in order to ensure a

4

minimum level of pest infestation. The chief deputy sheriff ensures that all areas of the Lee County Detention Center are sprayed with insecticide at least once each month. This company will spray more than once a month if necessary. A licensed pest control service is contracted to provide control for vermin and insects. Detention Center personnel utilize this service to the maximum extent allowed in order to prevent and control the infestation of pests and vermin. Shift supervisors ensure that all appropriate areas of the Detention Center are treated with any additional insecticides or powders necessary as directed by the chief deputy. All shift supervisors, when conducting daily housekeeping inspections, look for possible or potential pest problems.

14.     It is the policy of the Lee County Sheriff that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair. Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature. An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or immediately contact maintenance personnel to fix the toilet. The Lee County Commission has assigned two persons from the County maintenance department to the jail who are available full time to repair any toilet or speaker which is broken. Inmates have access to three or four toilets within their cellblock. There is a toilet in each cell in the cellblock. There is also a toilet in the dayroom of each cellblock. In the event that a toilet cannot be repaired before the inmates lock down in their cells at night, any inmate housed in the cell with the broken toilet is to be given the opportunity to use the toilet during any time that he needs to during the night. It would be a direct violation of policy for an inmate to ever be denied access to a working toilet.

5

15.    A member of the Detention Center staff must inspect the entire Detention Center facility at least once each hour. However, at least one Detention Center staff member is normally in each inmate hall at least every 15 to 20 minutes. Thus, staff are always made aware of a broken speaker or toilet.

16.    I am not aware of a broken speaker in any cell in which Plaintiff was incarcerated. Due to inmate vandalism and misuse, toilets will often require maintenance at the Lee County Detention Center. However, this maintenance is taken care of as soon as possible. Should a speaker be broken, it would also be repaired as soon as possible. The Lee County Commission has assigned two persons from the County maintenance department to the jail who are available full time to repair items such as toilets or speakers in a prompt manner.

17.    Plaintiff claims that a toilet has a water leak "inches" from where he was sleeping. It would be a violation of jail policy to assign an inmate to sleep in water leaking from a toilet or to assign an inmate to sleep within "inches" of a leaking toilet.

18.    The Plaintiff did not submit a request concerning any of the allegations in his Complaint. Had I received any such a request, I would have taken the proper steps to remedy any problem the Plaintiff was experiencing.

19.    I have complied with all policies and procedures of the Lee County Detention Center. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

6

20.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

COREY WELCH

**SWORN TO** and **SUBSCRIBED** before me this 30 day of May, 2007.

NOTARY PUBLIC
My Commission Expires:    MY COMMISSION EXPIRES FEB. 6, 2011

7

# Exhibit E
# Affidavit of Ray Roberson

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **WESLEY KEITH HOLMES, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 3:07-cv-00241-WKW** |
| | ) |
| **SHERIFF JAY JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**AFFIDAVIT OF RAY ROBERSON**</u>

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Ray Roberson, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Ray Roberson.  I am over the age of nineteen and competent to execute this affidavit.

2.      I am employed with the Lee County Sheriff's Office and serve as Assistant Jail Administrator at the Lee County Detention Center.  I have worked in the Lee County Detention Center for twenty-three years and have obtained the rank of lieutenant.  Lt. Welch and I are the highest ranking jail officials under Major Torbert and Sheriff Jones.

3.      I am familiar with the Plaintiff Anthony Keith Vaughn due to his incarceration in the Lee County Detention Center.  However, I have no personal knowledge of any of the facts made the basis of the Plaintiff's Complaint.  I was not involved and did not observe any of the incidents alleged in his Complaint.

4.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon. It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the sheriff, chief deputy sheriff, or Detention Center personnel.

6.      Inmates housed in the Lee County Detention Center are furnished with inmate request forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

7.      All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the

2

inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command up to the Sheriff, who will make the final decision.

8. I have never received any grievance or request form from the Plaintiff concerning any of the allegations of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

9. I have complied with all policies and procedures of the Lee County Detention Center. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

10. I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_Ray Roberson_
RAY ROBERSON

SWORN TO and SUBSCRIBED before me this **30** day of May, 2007.


_Iris D. Bridges_
NOTARY PUBLIC
My Commission Expires:_____ MY COMMISSION EXPIRES FEB. 5, 2011

3